UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RUSSELL MCFARLAND AND DEBRA MCFARLAND,<br>    *Plaintiffs*,<br><br>vs.<br><br>MARTIN TRANSPORTATION SYSTEMS, INC.<br>AND WILLIAM LOUK,<br>    *Defendants*. | )<br>)<br>)<br>)   1:12-cv-01074-JMS-DML<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

Defendant Martin Transportation Systems, Inc. ("Martin") filed a Notice of Removal on August 2, 2012. [Dkt. 1.]  In the Notice, Martin states that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because: (1) "[t]he Complaint states that, at all relevant times, Plaintiffs were residents of Decatur County, Indiana [and Martin] has a good faith belief that Plaintiffs are, and were at all times relevant hereto, citizens of Indiana," [dkt. 1 at 1, ¶ 2]; (2) Martin is a Michigan corporation with its principal place of business in Michigan, [*id.* at 2, ¶ 3]; (3) Defendant William Louk "is and was at all relevant times a resident of West Virginia [and] is not a citizen of Indiana," [*id.* at 2, ¶ 4]; and (4) while Plaintiffs do not set forth a specific amount of damages in their Complaint, they seek "past, present and future lost wages and impairment of earning capacity, present and future pain, suffering and mental anguish and past, present and future medical expenses" and "have demanded in excess of $75,000 in full and complete settlement of this matter," [*id.* at 2, ¶ 6].[1]

---

[1] The Complaint simply states that Plaintiffs and Mr. Louk were "domiciled" in Indiana, and that Martin was "doing business" in Indiana. [Dkt. 1-1 at 10, ¶¶ 1-3.]  It is silent regarding the amount in controversy.

On August 4, 2012, Plaintiffs filed a Local Rule 81-1 Statement in response to the Notice of Removal, stating simply that they "admit[] all of the material allegations contained in Defendants' Notice of Removal [and] [a]t this time, the Plaintiff has a good faith belief that (1) there is complete diversity of citizenship, (2) the amount in controversy exceeds $75,000.00, and (3) the Defendants' Notice of Removal was properly and timely filed." [Dkt. 7 at 1.]

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on Martin's Notice of Removal and Plaintiffs' Local Rule 81-1 Statement, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

Specifically, the parties are reminded that: (1) an allegation of residency is not enough to establish diversity jurisdiction, *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); (2) residency and citizenship are not the same, *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002), and it is the citizenship that matters for purposes of diversity, *id.*; (3) jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); (4) it is insufficient for a party to generically allege that another party is *not* a citizen of a state, *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); and (5) the amount in controversy must exceed "$75,000 *exclusive of interest and costs*," 28 U.S.C. § 1332 (emphasis added).

The Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **September 20, 2012** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000 exclusive of interest and costs. Because Mr. Louk has not appeared, the joint jurisdictional statement shall also include a statement by each party setting forth that party's factual basis for any representations regarding Mr. Louk's citizenship, and a statement by each party regarding whether they have information to dispute the other party's representations regarding Mr. Louk's citizenship. If the parties cannot agree on their respective citizenships or the amount in controversy, any party who disagrees shall file a separate jurisdictional statement by **September 20, 2012** setting forth its view regarding the citizenship of each of the parties and the amount in controversy.

09/06/2012

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Christopher M. Barry
CRAIG KELLEY & FAULTLESS
cbarry@ckflaw.com

David W. Craig
CRAIG KELLEY & FAULTLESS
dcraig@ckflaw.com

Scott Anthony Faultless
CRAIG KELLEY & FAULTLESS
sfaultless@ckflaw.com

Christopher Glade Johnson
FROST BROWN TODD LLC
cjohnson@fbtlaw.com

Andrew M. Palmer
FROST BROWN TODD LLC -Louisville
apalmer@fbtlaw.com